129 F.3d 126
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Robert MATOS, Plaintiff-Appellee,
v.
CHLOE Z FISHING COMPANY, INC., her engines, tackle, apparel
and furniture, et al., Defendant-Appellant.
 No. 96-17278.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Nov. 3, 1997.
Decided Nov. 7, 1997.
 
 Appeal from the District Court of Guam, No. CV 94-00013; John C. Coughenour, District Judge, Presiding.
 Before: REINHARDT, LEAVY, and THOMAS, Circuit Judges.
 MEMORANDUM*
 Chloe Z Fishing Company, Inc. ("Chloe Z") appeals from the judgment of the District Court of Guam, arguing that the jury verdict in favor of seaman Robert Matos was not supported by the evidence, warranting a new trial. Chloe Z also argues that the award of $1,497,955 for personal injuries is grossly excessive and should be vacated.
 
 
 1
 Matos' action alleged unseaworthiness and negligence under the Jones Act, 46 U.S.C. § 688. The jury found for Matos on his claims of negligence and unseaworthiness, found that Matos was not contribitorily negligent, and awarded him $1,497,955 in damages. The trial court denied Chloe Z's motion for a new trial.
 
 
 2
 Chloe Z first argues that Matos' claims are barred by the "primary duty" rule. Under this doctrine, if a seaman's injuries are the result of the breach of a duty he had consciously assumed as a term of his employment, he cannot recover against his employer for negligence. Reinhart v. United States, 457 F.2d 151, 153-54 (9th Cir.1972). However, the primary duty rule does not limit recovery if the seaman is injured by a dangerous condition that he did not create and, in the proper exercise of his employment duties, could not have controlled or eliminated. Bernard v. Maersk Lines, Ltd., 22 F.3d 903, 907 (9th Cir.1994).
 
 
 3
 The jury was properly instructed on the primary duty rule. The record reveals substantial evidence from which the jury could conclude that the primary duty rule was inapplicable. See Ribitzski v. Canmar Reading & Bates, Ltd. Partnership, 111 F.3d 658, 665-66 (9th Cir.1997). For example, there was testimony that Matos was actually an assistant engineer ordered by his superior to assist with repairs. There was testimony that the bilge strainer he was asked to clean was oversized. The jury could also reasonably find that Matos was not contributorily negligent because there was evidence that Matos was not responsible for the conditions which caused his injuries. See Magnussen v. Yak, Inc., 73 F.3d 245, 247-49 (9th Cir.1996).
 
 
 4
 Chloe Z argues that Matos' counsel during closing argument improperly used the "unit of time" method to calculate pain and suffering damages,[1] and the trial court failed to give a cautionary instruction to ameliorate the effects of this method. Chloe Z did not object to the calculation during closing argument and did not request a cautionary instruction. Chloe Z has therefore waived the opportunity for appellate review of these purported errors. Hammer v. Gross, 932 F.2d 842, 847 (9th Cir.1991). Furthermore, the jury was instructed that the counsels' arguments are not evidence and that the verdict must be based upon evidence, not argument. Any claimed error in the instructions is harmless. See Jenkins v. Union Pacific R.R. Co., 22 F.3d 206, 210 (9th Cir1994).
 
 
 5
 Chloe Z argues that the amount of damages is grossly excessive and shocking to the conscience. We give substantial deference to a jury's findings of the appropriate amount of damages, and will uphold the jury's findings unless the amount is grossly excessive or monstrous, clearly not supported by the evidence or based only on speculation or guesswork. See Los Angeles Memorial Coliseum Comm'n v. NFL, 791 F.2d 1356, 1360 (9th Cir.1986). The calculation of damages is supported by the testimony of Robert Wallace. Matos' attorney argued to the jury, based upon the calculations of Wallace, that Matos should receive $2,446,000 if the jury calculated damages based upon the salary of a chief engineer, and $1,497,000 as an assistant engineer. We find no grounds for disturbing the jury's choice of the lower figure.
 
 
 6
 Chloe Z argues that the jury's deliberations were tainted by inadmissible references to insurance during trial. We reject this argument because the first mention of insurance was during videotaped cross-examination of Richard Jones by Chloe Z's counsel, and the court promptly cautioned the jury to completely disregard any reference to insurance. Any prejudice to the defendant was therefore cured by the admonition to the jury. See Larez v. Holcomb, 16 F.3d 1513, 1518-19 (9th Cir.1994).
 
 
 7
 The second reference to insurance was actually a mention of the word "underwriter" in response to a question regarding safety responsibility. Again, this response was elicited by Chloe Z's counsel. This time the trial court, declined to caution the jury. Because there was no reference to liability insurance regarding the plaintiff, however, the mention of an underwriter in another context did not require a curative instruction. It was within the discretion of the trial court to refuse to caution the jury.
 
 
 8
 AFFIRMED.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3
 
 
 [1]
 Counsel's "unit of time" argument would account for the sum of $243,528 in damages representing $1 per hour for 16 waking hours per day for a period of 41.7 years. (Blue Brief at p. 37)